UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RAYMOND MORRISSEY,<br><br>   *Plaintiff,*<br>v.<br><br>WEBSTER BANK, N.A.,<br><br>   *Defendant.* | )<br>)<br>)<br>) Civil Action No. 05-10984-WGY<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO ENLARGE TIME**

Pursuant to Fed. R. Civ. P. 6(b), defendant Webster Bank, N.A. ("Webster") hereby moves this Court to enlarge the time in which Webster may respond to the Complaint, whether by answer, motion under Fed. R. Civ. P. 12, or otherwise. In support of its motion, Webster states the following:

1. Plaintiff Raymond Morrissey ("Morrissey") commenced this action on or about May 12, 2005, asserting that he is entitled to relief under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA") and Federal Reserve Board Regulation E, ("Regulation E") due to Webster's automated teller machine ("ATM") fee notices that are in purported violation of the Act.

2. Morrissey served an officer of Webster with a copy of the Complaint on or about May 27, 2005, and has filed return of service with the Court. Accordingly, Webster must file a responsive pleading no later than June 16, 2005.

3. Among other things, the Complaint alleges that Webster's ATM fee notices are "inconspicuous"; however, Morrissey offers no factual allegations of any kind to support this conclusion. Accordingly, via letter dated June 13, 2005, counsel for Webster, Attorney Hobart

F. Popick, informed counsel for Morrissey, Attorney Christopher M. Lefebvre, that Webster intended to file a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

4. Having not heard from Attorney Lefebvre in response to Webster's June 13, 2005 letter, Attorney Popick contacted Attorney Lefebvre by telephone on June 16, pursuant to Local Rule 7.1(A)(2), in a good faith attempt to resolve the issues in dispute relating to the motion for a more definite statement. Attorney Lefebvre stated that he had received Webster's June 13, 2005 letter, and that he intended to file an amended complaint on behalf of his client no later than Friday, June 24, 2005. Accordingly, Webster's planned motion for a more definite statement would serve no practical purpose.

5. Although Attorney Lefebvre represented to Attorney Popick that he did not intend to take any action against Webster for failure to timely respond to the Complaint (at least until the amended complaint is filed), the parties nevertheless did not agree upon a deadline for Webster to file a responsive pleading in this action.

6. Accordingly, because counsel for Morrissey has represented that he intends to file an amended complaint by Friday, June 24, 2005, there would be little value in requiring Webster to respond to the Complaint prior to that time. Thus, it would serve the interests of judicial economy for the Court to grant Webster's motion to enlarge the time in which to file an answer or otherwise move pursuant to Fed. R. Civ. P. 12 in this action.

WHEREFORE, the defendant, Webster Bank, N.A., respectfully requests that this Court extend the time in which Webster may respond to the Complaint to July 14, 2005 (four weeks from today), or twenty days from the date Morrissey files an amended complaint, whichever comes first.

        Respectfully submitted,

        WEBSTER BANK, N.A.,

        By its attorneys,


        /s/ Hobart F. Popick
        Jonathan I. Handler (BBO # 561475)
        Hobart F. Popick (BBO # 658763)
        DAY, BERRY & HOWARD LLP
        260 Franklin Street
        Boston, Massachusetts 02110
        (617) 345-4600

Dated: June 16, 2005


## CERTIFICATE OF SERVICE

    I, Hobart F. Popick, hereby certify that on the 16th day of June, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to: Christopher M. Lefebvre, Esq., Claude Lefebvre, P.C., Two Dexter Street, Pawtucket, RI 02860.

        /s/ Hobart F. Popick
        Hobart F. Popick