UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND MORRISSEY,<br>Plaintiff<br><br>v.<br><br>WEBSTER BANK, N.A.,<br>Defendant | C.A. # 05cv10984- WGY |

ANSWER AND JURY CLAIM
OF THE DEFENDANT,
WEBSTER BANK, N.A.

The defendant, Webster Bank, N.A. ("Webster"), answers the plaintiff's complaint as follows.

### Introduction

1) Webster admits that the plaintiff is alleging a violation of the Electronic Funds Transfer Act, 15 U.S.C. s. 1693, *et seq.*, and Regulation E, 12 CFR Part 205, but denies that a violation occurred.

### Jurisdiction and Venue

2) Webster admits that the Court has jurisdiction of this action.

3) Webster admits that venue in this District is proper.

### Parties

4-6)   Admitted.

### Facts

7) Webster is without sufficient knowledge or information at this time to admit or deny the plaintiff's allegation concerning his use of an automated teller

machine maintained by Webster in Attleboro, Massachusetts and therefore calls on the plaintiff to prove that allegation.

8) Denied. The Electronic Funds Transfer Act only applies to consumer transactions, as defined in said Act. The remainder of paragraph 8 of the complaint is a quotation of a portion of 15 U.S.C. s. 1693a. The defendant does not dispute the accuracy of the portion of the statute quoted by the plaintiff. To the extent the quotation implies an allegation of fact, it is denied.

9) Webster is without sufficient knowledge or information at this time to admit or deny the accuracy of the allegation that the plaintiff was charged a fee of $ 1.50, and calls on the plaintiff to prove that allegation.

### Violation Alleged

10) Denied.

11) Paragraph 11 of the complaint consists of a quotation of a portion of a statute, rather than an allegation of fact. To the extent paragraph 11 implies an allegation of fact, it is denied.

12) Paragraph 12 of the complaint consists of a quotation of a portion of a 12 CFR 205.16, rather than an allegation of fact. To the extent paragraph 12 implies an allegation of fact, it is denied.

13) Denied.

14) Webster denies that it imposed a charge without proper notice.

15) Paragraph 15 of the complaint consists of a quotation of a portion of a statute, rather than an allegation of fact. To the extent paragraph 15 implies an allegation of fact, it is denied.

### Class Allegations

16) Paragraph 16 of the complaint describes the class the plaintiff purports to represent. Webster does not dispute the plaintiff's description but does dispute the existence of such a class and the implied allegation that it committed a violation of law.

17-21) Denied.

### Affirmative Defenses

Webster asserts the following affirmative defenses pursuant to Fed.R.Civ.P. 8(c):

1) The plaintiff's claim is barred by the applicable statute of limitations.

2) The plaintiff's complaint fails to state a claim upon which relief may be granted.

3) The plaintiff's claim does not satisfy the requirements for a class action under Fed.R.Civ.P. 23.

4) If any violation of the Electronic Funds Transfer Act occurred, --- which Webster denies --- such violation was unintentional within the meaning of 15 USC s. 1693m(c).

5) It any violation of the Electronic Funds Transfer Act occurred, --- which Webster denies --- such violation was made in good faith within the meaning of 15 USC s. 1693m(d).

### Jury Claim

Webster claims trial by jury on all issues pursuant to Fed.R.Civ.P. 38.

By its attorneys,
McGuire & Coughlin, P.C.

by _____
Thomas F. McGuire, Jr.
B.B.O. # 335170
70 South Main Street
P.O. Box 1187
Fall River, MA 02722-1187
Tel. (508) 675-7896
Fax (508) 675-6595

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for the plaintiff on June 22, 2005 by mail to:

Christopher M. Lefebvre, Esq.
Claude Lefebvre, P.C.
Two Dexter Street
Pawtucket, RI 02860

Signed under the penalties of perjury this 22nd day of June, 2005.

_____
Thomas F. McGuire, Jr.
B.B.O. # 335170