## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RAYMOND MORRISSEY,       ) | |
| ) | |
| *Plaintiff,*     ) | Civil Action No. 05-10984-WGY |
| v.              ) | |
| ) | |
| WEBSTER BANK, N.A.,         ) | |
| ) | |
| *Defendant.*     ) | |
| ) | |

### DEFENDANT'S MOTION TO ENLARGE TIME

Pursuant to Fed. R. Civ. P. 6(b), defendant Webster Bank, N.A. ("Webster") hereby moves this Court to enlarge the time in which Webster may respond to the Complaint, whether by answer, motion under Fed. R. Civ. P. 12, or otherwise. In support of its motion, Webster states the following:

1. Plaintiff Raymond Morrissey ("Morrissey") commenced this action on or about May 12, 2005, asserting that he is entitled to relief under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* and Federal Reserve Board Regulation E, due to Webster's automated teller machine ("ATM") fee notices that are in purported violation of the Act.

2. Morrissey served an officer of Webster with a copy of the Complaint on or about May 27, 2005, and has filed return of service with the Court.

3. Among other things, the Complaint alleges that Webster's ATM fee notices are "inconspicuous"; however, Morrissey offers no factual allegations of any kind to support this conclusion. Accordingly, via letter dated June 13, 2005, counsel for Webster, Attorney Hobart F. Popick, informed counsel for Morrissey, Attorney Christopher M. Lefebvre, that Webster intended to file a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

4.	Having not heard from Attorney Lefebvre in response to Webster's June 13, 2005 letter, Attorney Popick contacted Attorney Lefebvre by telephone on June 16, 2005, in a good faith attempt to resolve the issues in dispute relating to the motion for a more definite statement. Attorney Lefebvre stated that he had received Webster's June 13, 2005 letter, and that he intended to file an amended complaint on behalf of his client no later than Friday, June 24, 2005. Accordingly, Webster's planned motion for a more definite statement would serve no practical purpose.

5.	On the basis of Attorney Lefebvre's representation that he intended to file an amended complaint by Friday, June 24, 2005, Webster filed a Motion to Enlarge Time on June 16, 2005, requesting that this Court extend the time in which Webster may respond to the Complaint to July 14, 2005, or twenty days from the date Morrissey files an amended complaint, whichever comes first.  The Court granted Webster's Motion.

6.	On or about June 20, 2005, counsel for Webster received a letter from Attorney Lefebvre purporting to assert a demand pursuant to M.G.L. c. 93A.  As the Court is undoubtedly aware, c. 93A requires that a party must serve a demand pursuant to the statute thirty days before filing a claim in court.  Therefore, if Morrissey intends to assert a claim under c. 93A, the Complaint in this action must be amended in accordance with the statute's thirty-day demand requirement.

7.	On or about June 24, 2005, Attorney Thomas F. McGuire, Jr., without the authorization of Webster, filed a Notice of Appearance in this action, along with an Answer and a Corporate Disclosure Statement.  On July 14, 2005, the Court granted Attorney McGuire's Motion to Withdraw Appearance and Answer, rendering the pleadings a nullity.

8.    Despite Attorney Lefebvre's representations to counsel for Webster that he would serve an amended complaint in this action upon Webster on or before June 24, 2005, as of today, July 14, 2005, no such amended complaint has been served or filed. Although Attorney Popick attempted to make contact with Attorney Lefebvre on several occasions in a good faith attempt to resolve the issues in dispute relating to the instant motion, Attorney Lefebvre has not responded.

9.    Accordingly, because counsel for Morrissey has represented that he intends to file an amended complaint in this action, and moreover, because the Complaint contains no claim under c. 93A (although Morrissey apparently intends to assert such a claim), there would be little value in requiring Webster to respond to the Complaint at this time. Thus, it would serve the interests of judicial economy for the Court to grant Webster's motion to enlarge the time in which to file an answer or otherwise move pursuant to Fed. R. Civ. P. 12 in this action.

WHEREFORE, the defendant, Webster Bank, N.A., respectfully requests that this Court extend the time in which Webster may respond to the Complaint to August 11, 2005 (four weeks from today), or twenty days from the date Morrissey files an amended complaint, whichever comes first.

Respectfully submitted,

WEBSTER BANK, N.A.,

By its attorneys,


/s/ Hobart F. Popick
Jonathan I. Handler (BBO # 561475)
Hobart F. Popick (BBO # 658763)
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, Massachusetts 02110
(617) 345-4600


-and-

Steven M. Greenspan (admitted *pro hac vice*)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103
(860) 275-0100

Dated: July 14, 2005

## CERTIFICATE OF SERVICE

I, Hobart F. Popick, hereby certify that on the 14th day of July, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to: Christopher M. Lefebvre, Esq., Claude Lefebvre, P.C., Two Dexter Street, Pawtucket, RI 02860.


/s/ Hobart F. Popick
Hobart F. Popick