IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAYMOND MORRISSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CA No. 05-10984-WGY** |
| v. | ) | |
| | ) | |
| WEBSTER BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff respectfully requests that this Court grant Plaintiff leave to amend his complaint by alleging a violation of Massachusetts General Laws Chapter 93A. In addition of support of his motion, Plaintiff states as follows:

1. On May 11, 2005, Plaintiff filed a complaint alleging that the Defendant failed to comply with the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"). Plaintiff also sent Defendant a formal demand for settlement under Mass G.L. ch 93A.

2. Plaintiff seeks to amend his complaint in order to further allege that the Defendant violated Mass G.L. ch 93A. A copy of the amended complaint , including this change is attached as Appendix A.

3. Fed.R.Civ.P 15(a) provides that an amendment to the complaint can be made after the filing of responsive pleadings upon application for leave for the Court, and that leave to amend "shall be freely given when justice so requires". A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion

of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment

Corp., 660 F.2d 748, 597 (5th Cir. 1981).

4. The amendment will not cause any prejudice to the Defendant. See Johnson v. Oroweat

Foods, 785 F2d 503, 510 (4th Cir. 1986) (holding that the addition of new factual allegations or a

change in legal theory only prejudices the defendant if the amendment is sought shortly before or

during trial).

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff leave to

amend his complaint in order to add class claims under Massachusetts General Laws Chapter 93

A to the standing complaint and deem it filed instanter.

/s/Christopher M. Lefebvre
CLAUDE LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI 02860
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

**Local Rule Certification**

I hereby certify that I attempted to contact opposing counsel to resolve the issue raised in this
motion. Unfortunately, we were not able to reach consensus thereon.

/s/Christopher M. Lefebvre

## CERTIFICATION OF SERVICE

I hereby certify that on September 29, 2005, I electronically filed a Motion for Leave to File Second Amended Complaint with the Clerk of the District Court for the District of Massachusetts using the CM/ECF System.  The following participants have received notice electronically: Hobart F. Popick, Esq. and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants: None


/s/Maria J. Ferreira

# APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

RAYMOND MORRISSEY,                    )
                                      )
             Plaintiff,               )
                                      )          **CA No. 05-10984-WGY**
      v.                              )
                                      )
WEBSTER BANK, N.A.,                   )          **JURY DEMANDED**
                                      )
             Defendant.               )

### SECOND AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Raymond Morrissey brings this action to secure redress for defendant's violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), and Mass G.L., ch 93A, and implementing Federal Reserve Board Regulation E, 12 C.F.R. part 205.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1693m (EFTA).

3.      Venue in this District is proper in that defendant does business in this District and the events complained of occurred in this District.

### PARTIES

4.      Plaintiff Raymond Morrissey is an individual who resides in Plainville, MA. He is not a customer of defendant Webster Bank, N.A.

5.      Defendant Webster Bank, N.A. is a corporation with its principal offices at 145 Bank Street, Waterbury, Connecticut 06720.  It does business in Massachusetts.

6.    Among other business activities in Massachusetts, Webster Bank, N.A.

maintains automated teller machines ("ATMs") in Attleboro, MA.

## FACTS

7.    Within one year prior to the filing of this action, on or about May 2, 2005,

plaintiff Morrissey conducted an electronic funds transfer at an automated teller machine ("ATM")

maintained by defendant in Attleboro, MA.  A copy of the receipt he received is attached as Exhibit

A.

8.    Any transaction carried out through an ATM is governed by EFTA.  The

EFTA, 15 U.S.C. §1693a, provides:

> . . . (6) the term "electronic fund transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions . . . .

9.    Plaintiff was charged a $1.50  fee by the ATM.

## VIOLATION ALLEGED

### COUNT I - EFTA

10.    Defendant Webster Bank, N.A.  failed to notify the public, as required by law,

that they will be required to pay a fee each time they use an ATM maintained by Webster Bank, N.A.

with certain exceptions.

11.    The EFTA, 15 U.S.C. §1693b, provides:

Regulations

(a) Prescription by Board.  The Board shall prescribe regulations to carry out the

purposes of this title *[15 USCS § § 1693* et seq.]. . . .

(d) Applicability to service providers other than certain financial institutions.

> (1) In general.  If electronic fund transfer services are made available to consumers by a person other than a financial institution holding a consumer's account, the Board shall by regulation assure that the disclosures, protections, responsibilities, and remedies created by this title *[15 USCS § § 1693* et seq.] are made applicable to such persons and services. . . .

> (3) Fee disclosures at automated teller machines.

>> (A) In general. The regulations prescribed under paragraph (1) shall require any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of --

>>> (i) the fact that a fee is imposed by such operator for providing the service; and

>>> (ii) the amount of any such fee.

>> (B) Notice requirements.

>>> (i) On the machine. The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

>>> (ii) On the screen. The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction, except that during the period beginning on the date of the enactment of the Gramm-Leach-Bliley Act [enacted Nov. 12, 1999] and ending on December 31, 2004, this clause shall not apply to any automated teller machine that lacks the technical capability to disclose the notice on the

screen or to issue a paper notice after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

(C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless--

(i) the consumer receives such notice in accordance with subparagraph (B); and

(ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

(D) Definitions. For purposes of this paragraph, the following definitions shall apply:

(i) Automated teller machine operator. The term "automated teller machine operator" means any person who--

(I) operates an automated teller machine at which consumers initiate electronic fund transfers; and

(II) is not the financial institution that holds the account of such consumer from which the transfer is made.

(ii) Electronic fund transfer. The term "electronic fund transfer" includes a transaction that involves a balance inquiry initiated by a consumer in the same manner as an electronic fund transfer, whether or not the consumer initiates a transfer of funds in the course of the transaction.

(iii) Host transfer services. The term "host transfer services" means any electronic fund transfer made by an automated teller machine operator in connection with a transaction initiated by a consumer at an automated teller machine operated by such operator.

12.    Regulation E, 12 C.F.R. § 205.16, provides:

Disclosures at automated teller machines.

   (a) Definition. Automated teller machine operator means any person that operates
an automated teller machine at which a consumer initiates an electronic fund transfer
or a balance inquiry and that does not hold the account to or from which the transfer
is made, or about which an inquiry is made.

(b) General. An automated teller machine operator that imposes a fee on a consumer
for initiating an electronic fund transfer or a balance inquiry shall:

> (1) Provide notice that a fee will be imposed for providing electronic fund
> transfer services or a balance inquiry; and

> (2) Disclose the amount of the fee.

(c) Notice requirement. An automated teller machine operator must comply with the
following:

> (1) On the machine. Post the notice required by paragraph (b)(l) of this
> section in a prominent and conspicuous location on or at the automated teller
> machine; and

> (2) Screen or paper notice. Provide the notice required by paragraphs (b)(1)
> and (b)(2) of this section either by showing it on the screen of the automated
> teller machine or by providing it on paper, before the consumer is committed
> to paying a fee.

(d) Temporary exemption. Through December 31, 2004, the notice requirement in
paragraph (c)(2) of this section does not apply to any automated teller machine that
lacks the technical capability to provide such information.

(e) Imposition of fee. An automated teller machine operator may impose a fee on a
consumer for initiating an electronic fund transfer or a balance inquiry only if

> (1) The consumer is provided the notices required under paragraph (c) of this
> section, and

> (2) The consumer elects to continue the transaction or inquiry after receiving
> such notices.

13.    Defendant Webster Bank, N.A. did  not post  notice  on  its  ATMs  that

complied with 15 U.S.C. §1693b and 12 C.F.R. §205.16.  The notices do not state that a fee will

definitely be charged under ascertainable circumtances.  Instead they provide: "Notice to Non-

<u>Webster Bank Cardholder-ONLY-Service Fee May Apply:</u> Webster Bank, the owner of this terminal, may charge a $1.50 fee to process a cash withdrawal or cash advance performed with a card not issued by Webster Bank. This fee will be added to the withdrawal amount and deducted from your account. This fee is in addition to any fees your financial institution may impose for performing this transaction. This fee will Not be charged to Webster Bank Cardholders." On information and belief, Webster Bank always charges a fee to non-Webster Bank cardholders under ascertainable circumstances.

14.    The imposition of the charge without proper notice is unlawful.

15.    The EFTA, 15 U.S.C. §1693m, provides:

Civil liability

(a) Individual or class action for damages; amount of award. Except as otherwise provided by this section and section 910 *[15 USCS §1693h]*, any person who fails to comply with any provision of this title *[15 USCS §§1693* et seq.] with respect to any consumer, except for an error resolved in accordance with section 908 *[15 USCS §1693f]*, is liable to such consumer in an amount equal to the sum of--

 (1) any actual damage sustained by such consumer as a result of such failure;

 (2) (A) in the case of an individual action, an amount not less than $ 100 nor greater than $ 1,000; or

  (B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $ 500,000 or 1 per centum of the net worth of the defendant; and

 (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by

the court.

(b) Factors determining amount of award.  In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors--

(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional.

. . . (g) Jurisdiction of courts; time for maintenance of action.  Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

## CLASS ALLEGATIONS

16.     This claim is brought on behalf of a class, consisting of (a) all persons  who do not have an ATM or debit card issued by Webster Bank, N.A. , (b) who used an ATM maintained by Webster Bank, N.A.,  (c) and who were charged a fee, (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

17.     The class is so numerous that joinder of all members is impracticable.  There are more than 50 members of the class.

18.     There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.  The predominant common question is whether defendant's ATMs were posted with the notices required by law.

19.     Plaintiff's claims are typical of the claims of the class members. All are based

on the same legal and factual issues.

20.    Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer credit claims and class actions.

21.    A class action is superior for the fair and efficient prosecution of this litigation.  Classwide liability is essential to cause defendant to stop its  improper conduct.  Many class members may be unaware that they have been victims of illegal conduct.

## COUNT II - MASS. G.L., CH. 93A

22.    Plaintiff incorporates ¶¶ 1-21.

23.    Defendant's violation of the EFTA also constitutes a violation of Mass. G.L., ch. 93A.

24.    An appropriate demand for relief was made on June 14, 2005.

## CLASS ALLEGATIONS

25.    This claim is brought on behalf of a class, consisting of (a) all persons who do not have an ATM or debit card issued by Webster Bank, N.A. (b) who used an ATM maintained by Webster Bank, N.A. in Massachusetts, (c) and who were charged a fee, (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

26.    The class is so  numerous that joinder of all members is impracticable. There are more than 50 members of the class.

27.    There are questions of law and fact common to the class, which questions

predominate over any questions affecting only individual class members. The predominant

common question is whether defendant's ATMs were posted with the notices required by law.

28.    Plaintiff's claims are typical of the claims of the class members. All are

based on the same legal and factual issues.

29.    Plaintiff will fairly and adequately represent the members of the class.

Plaintiff has retained counsel experienced in the prosecution of consumer credit claims and class

actions.

30.    A class action is superior for the fair and efficient prosecution of this

litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many

class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor

and in favor of the class for:

      a.    Appropriate compensatory and statutory damages;

      b.    Attorney's fees, litigation expenses and costs of suit;

      c.    Such other or further relief as is appropriate.

/s/Christopher M. Lefebvre
CLAUDE LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI  02860
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

## JURY DEMAND

Plaintiff demands trial by jury.

/s/Christopher M. Lefebvre