UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND MORRISSEY,             *Plaintiff,* <br> v. <br> WEBSTER BANK, N.A., <br>             *Defendant.* | Civil Action No. 05-10984-WGY |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT WEBSTER BANK, N.A. TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to Rules 8 and 15(a) of the Federal Rules of Civil Procedure, Defendant Webster Bank, N.A. ("Webster") through its undersigned counsel, hereby answers the allegations set forth in Plaintiff Raymond Morrissey's Second Amended Complaint (the "Second Amended Complaint") as follows:

**INTRODUCTION**

1. The allegations in Paragraph 1 of the Second Amended Complaint are introductory statements to which no response is required. To the extent that a response is required, Webster denies the allegations in Paragraph 1 of the Second Amended Complaint.

**JURISDICTION AND VENUE**

2. In response to the allegations in Paragraph 2 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. To the extent a response is required, Webster denies the allegations in Paragraph 2 of the Second Amended Complaint.

3. In response to the allegations in Paragraph 3 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. To the extent a response is required, Webster states that it does conduct business in Massachusetts and, on information and belief, the events complained of in the Second Amended Complaint occurred in Massachusetts. To the extent that the Paragraph contains any further allegations that require a response, Webster denies the remaining allegations in Paragraph 3 of the Second Amended Complaint.

## PARTIES

4. In response to the allegations in the first sentence of Paragraph 4 of the Second Amended Complaint, Webster states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. Further answering, Webster states, on information and belief, that Plaintiff does not maintain an account relationship with Webster.

5. In response to the allegations in the first sentence of Paragraph 5 of the Second Amended Complaint, Webster states that it maintains a principal place of business at Webster Plaza, Waterbury, Connecticut, 06702. In response to the allegation in the second sentence of Paragraph 5 of the Second Amended Complaint, Webster admits that it conducts business in Massachusetts.

6. Webster admits the allegation in Paragraph 6 of the Second Amended Complaint.

## FACTS

7. In response to the allegations in Paragraph 7 of the Second Amended Complaint, Webster denies that Plaintiff attached Exhibit A to the Second Amended Complaint. Further responding, Webster states that Exhibit A to the Amended Complaint in this action purports to be

a receipt of a transaction conducted on or about May 2, 2005 at 27 Park Street in Attleboro, Massachusetts. Webster is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7 of the Second Amended Complaint. To the extent that a further response is required, Webster denies the remaining allegations in Paragraph 7 of the Second Amended Complaint.

8. In response to the allegations in the first sentence of Paragraph 8 of the Second Amended Complaint, Webster states that the sentence contains a legal conclusion to which no response is required. Further answering, Webster states that the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA") speaks for itself and denies the allegations in Paragraph 8 to the extent that they are inconsistent with that statute.

9. Webster states that the allegations in Paragraph 9 are vague and ambiguous, in particular with respect to the assertion that a fee "was charged … by the ATM," and so denies the allegations in Paragraph 9 of the Second Amended Complaint.

## VIOLATION ALLEGED

## COUNT I - EFTA

10. In response to the allegations in Paragraph 10 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. To the extent a further response is required, Webster denies the allegations in Paragraph 10 of the Second Amended Complaint.

11. In response to the allegations in Paragraph 11 of the Second Amended Complaint, Webster states that the EFTA speaks for itself and denies the allegations in Paragraph 11 to the extent that they are inconsistent with that statute.

12. In response to the allegations in Paragraph 12 of the Second Amended Complaint, Webster states that Regulation E, 12 C.F.R. § 205.16, speaks for itself and denies the allegations in Paragraph 12 to the extent that they are inconsistent with that regulation.

13. In response to the allegations in Paragraph 13 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. Further answering, Webster admits that it posts a notice on its Massachusetts ATMs substantially similar to the following:

> *Notice to Non-Webster Bank Cardholders ONLY – Service Fee May Apply*
>
> *Webster Bank, the owner of this terminal, may charge a [$1.50] fee to process a cash withdrawal or cash advance performed with a card not issued by Webster Bank. This fee will be added to the withdrawal amount and deducted from your account. This fee is in addition to any fees your financial institution may impose for performing this transaction.*
>
> *This fee will NOT be charged to Webster Bank Cardholders.*

Further answering, Webster states that the allegations in Paragraph 13 are vague and ambiguous, in particular with respect to the assertion that Webster "always charges a fee … under ascertainable circumstances," and so denies the remaining allegations in Paragraph 13 of the Second Amended Complaint.

14. In response to the allegations in Paragraph 14 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. To the extent that a response is required, Webster denies the allegations in Paragraph 14 of the Second Amended Complaint.

15. In response to the allegations in Paragraph 15 of the Second Amended Complaint, Webster states that the EFTA speaks for itself and denies the allegations in Paragraph 15 to the extent that they are inconsistent with that statute.

## CLASS ALLEGATIONS

16. In response to the allegations in Paragraph 16 of the Second Amended Complaint, Webster states that the allegations in the Paragraph are introductory statements to which no response is required. To the extent that a response is required, Webster denies the allegations in Paragraph 16 of the Second Amended Complaint and specifically denies that any class should be certified in this case.

17. In response to the allegations in Paragraph 17 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. To the extent that a response is required, Webster denies the allegations in Paragraph 17 of the Second Amended Complaint and specifically denies that any class should be certified in this case.

18. In response to the allegations in Paragraph 18 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. To the extent that a response is required, Webster denies the allegations in Paragraph 18 of the Second Amended Complaint and specifically denies that any class should be certified in this case.

19. In response to the allegations in Paragraph 19 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. To the extent that a response is required, Webster denies the allegations in Paragraph 19 of the Second Amended Complaint and specifically denies that any class should be certified in this case.

20. In response to the allegations in Paragraph 20 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response

is required. To the extent that a response is required, Webster denies the allegations in Paragraph 20 of the Second Amended Complaint and specifically denies that any class should be certified in this case.

21.     In response to the allegations in Paragraph 21 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. To the extent that a response is required, Webster denies the allegations in Paragraph 21 of the Second Amended Complaint and specifically denies that any class should be certified in this case.

### COUNT II – M.G.L. c. 93A

22.     Webster incorporates by reference its responses to Paragraphs 1 through 21 of the Second Amended Complaint as if fully set forth herein.

23.     In response to the allegations in Paragraph 23 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. To the extent that a response is required, Webster denies the allegations in Paragraph 23 of the Second Amended Complaint.

24.     In response to the allegations in Paragraph 24 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. To the extent that a response is required, Webster denies the allegations in Paragraph 24 of the Second Amended Complaint.

### CLASS ALLEGATIONS

25.     In response to the allegations in Paragraph 25 of the Second Amended Complaint, Webster states that the allegations in the Paragraph are introductory statements to which no response is required. To the extent that a response is required, Webster denies the allegations in

Paragraph 25 of the Second Amended Complaint and specifically denies that any class should be certified in this case.

26. In response to the allegations in Paragraph 26 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. To the extent that a response is required, Webster denies the allegations in Paragraph 26 of the Second Amended Complaint and specifically denies that any class should be certified in this case.

27. In response to the allegations in Paragraph 27 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. To the extent that a response is required, Webster denies the allegations in Paragraph 27 of the Second Amended Complaint and specifically denies that any class should be certified in this case.

28. In response to the allegations in Paragraph 28 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. To the extent that a response is required, Webster denies the allegations in Paragraph 28 of the Second Amended Complaint and specifically denies that any class should be certified in this case.

29. In response to the allegations in Paragraph 29 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. To the extent that a response is required, Webster denies the allegations in Paragraph 29 of the Second Amended Complaint and specifically denies that any class should be certified in this case.

30.     In response to the allegations in Paragraph 30 of the Second Amended Complaint, Webster states that the Paragraph contains one or more conclusions of law to which no response is required. To the extent that a response is required, Webster denies the allegations in Paragraph 30 of the Second Amended Complaint and specifically denies that any class should be certified in this case.

In response to the unnumbered paragraph beginning "WHEREFORE," Webster denies that Plaintiff or the putative class are entitled to any relief whatsoever from this Court.

Webster denies each and every allegation in the Second Amended Complaint that has not been specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims in the Second Amended Complaint are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The claims in the Second Amended Complaint are barred by the doctrines of waiver, estoppel, and consent, and ratification.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert some or all of the claims in this action.

**FIFTH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff and the putative class have failed to take reasonable steps to protect themselves from the damage alleged in the Second Amended Complaint and have failed to mitigate any such alleged damage.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of the putative class members are barred because Webster acted in good faith conformity with the EFTA and Regulation E.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of the putative class members are barred because Webster maintained reasonable procedures to conform with the EFTA and Regulation E and, accordingly, any such alleged violation was not intentional.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiff asserts claims with respect to ATM machines located outside Massachusetts or pursuant to laws of any state or Commonwealth other than Massachusetts, those claims are barred because Plaintiff lacks standing to raise them.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of the putative class members that are asserted under state law are barred to the extent that they are preempted by federal law.

**TENTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiff asserts claims on behalf of a putative class of persons who used ATM machines located outside of Massachusetts, those claims are barred because Plaintiff lacks standing to raise any such claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of the putative class members under M.G.L. c. 93A are barred because Plaintiff failed to comply with the requirements of M.G.L. c. 93A, § 9.

### TWELFTH AFFIRMATIVE DEFENSE

Any injury to the Plaintiff, and/or the putative class members, is a result of his or her own conduct, the conduct of his or her agent(s), and/or the conduct of third parties, and not the responsibility of Webster.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of the putative class members are barred, to the extent applicable, by the doctrines of accord and satisfaction, estoppel, *res judicata,* and/or release.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members have consented to, approved of and/or ratified the conduct which forms the basis for their claims.

### FIFTEENTH AFFIRMATIVE DEFENSE

This case is not appropriate for certification as a class action, and all class allegations and class claims should be stricken or dismissed.

### SIXTEENTH AFFIRMATIVE DEFENSE

Webster is entitled to all defenses permitted under the governing statutes, including all exemptions and exceptions to liability contained in the EFTA and Regulation E.

### RESERVATION OF RIGHTS

Webster expressly reserves the right to amend its Answer and to assert additional affirmative defenses as may become available during the course of discovery in this action. Webster further gives notice that it reserves and will rely upon all defenses it may have as to any

of the absent members of the putative class if a class is certified, and it further reserves the right to assert counterclaims against any such person to the extent required in order to preserve its rights.

### PRAYER FOR RELIEF

WHEREFORE, Webster respectfully requests as follows:

1. that this Court enter judgment in favor of Webster and against Plaintiff with respect to all of the claims alleged in the Second Amended Complaint;

2. that Webster be awarded its fees and costs, including attorneys' fees, incurred in connection with this action; and

3. that Webster be awarded such further relief as this Court deems just and proper.

Respectfully submitted,

WEBSTER BANK, N.A.,

By its attorneys,

/s/ Hobart F. Popick
Jonathan I. Handler (BBO # 561475)
Hobart F. Popick (BBO # 658763)
DAY, BERRY & HOWARD LLP
One International Place
Boston, Massachusetts 02110
(617) 345-4600

   -and-

Steven M. Greenspan (admitted *pro hac vice*)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, Connecticut 06103

Dated: October 20, 2005          (860) 275-0100

## **CERTIFICATE OF SERVICE**

      I, Hobart F. Popick, hereby certify that on the 20th day of October, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to: Christopher M. Lefebvre, Esq., Claude Lefebvre, P.C., Two Dexter Street, Pawtucket, Rhode Island 02860.

                                                               /s/ Hobart F. Popick
                                                               Hobart F. Popick