**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| RAYMOND MORRISSEY, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-10984-WGY |
| | ) | |
| WEBSTER BANK, N.A., | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**DEFENDANT WEBSTER BANK, N.A.'S STATEMENT OF UNDISPUTED MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED[1]**

Pursuant to Fed. R. Civ. P. 56(c) and Local Rule 56.1, Defendant Webster Bank, N.A.

("Webster") hereby submits its Statement of Undisputed Material Facts As To Which There Is

No Genuine Issue To Be Tried ("Statement") in support of its Motion for Summary Judgment,

filed herewith.

**BACKGROUND**

1.     Plaintiff Raymond Morrissey ("Morrissey") is not a Webster bank account holder.

(Second Amended Complaint, ¶ 4.)

2.     On or about May 2, 2005, Morrissey performed an electronic funds transfer at an

automated teller machine ("ATM") located at 27 Park Street, Attleboro, Massachusetts. (Second

Amended Complaint, ¶ 7.)

---

[1]     Although Webster treats the factual information contained in this Statement as
undisputed, Webster reserves its right to contest these facts during any other proceedings
involving any of these allegations.

3.      Webster owns and operates a total of twenty-four (24) ATMs within the

Commonwealth of Massachusetts, including the ATM located at 27 Park Street in Attleboro,

Massachusetts, where Morrissey allegedly performed the ATM transaction giving rise to this

lawsuit.  (Declaration of Stephen F. Russell, ¶ 5.[2])

## WEBSTER'S PLACARD NOTICE

4.      At all times relevant to this action, all Webster ATMs in Massachusetts have

displayed a placard notice on the face of the machine (the "Placard Notice") substantially similar

to the following:

---

Notice to Non-Webster Bank Cardholders ONLY – Service Fee May Apply

Webster Bank, the owner of this terminal, may charge a $1.50 fee to process a cash withdrawal
or cash advance performed with a card not issued by Webster Bank.  This fee will be added to
the withdrawal amount and deducted from your account.  This fee is in addition to any fees your
financial institution may impose for performing this transaction.

This fee will NOT be charged to Webster Bank Cardholders.

Webster Bank, N.A., Member F.D.I.C.

---

(Id. at ¶ 6.)

5.      In accordance with the Placard Notice, Webster does not assess a fee upon any

transaction that is performed using a bank or credit card issued by Webster or bearing the

Webster logo, defined as "Webster Bank Cardholders" in the placard Notice.  Further, Webster

does not assess a fee upon any balance transfer or balance inquiry, regardless of whether the

bank or credit card used to perform the transaction bears the Webster logo.  (Id. at ¶ 7.)

---

[2]      The Declaration of Stephen F. Russell, submitted herewith, has been filed in
unsigned form.  Webster will file a signed copy as soon as it becomes available.

6.      In accordance with the Placard Notice, Webster does not assess a fee upon any cash withdrawal that is performed at a Webster ATM using a bank or credit card not bearing the Webster logo if:

(a)      the cardholder performs the transaction at a Webster ATM in Massachusetts with a bank or credit card issued by a financial institution that participates in the "SUM" Program[3];

(b)      the cardholder performs the transaction at a Webster ATM in Massachusetts with an electronic benefits card issued in connection with the Transitional Aid for Families with Dependent Children ("TAFDC"), American Red Cross ("ARC"), or Federal Emergency Management Agency ("FEMA") electronic benefits programs; or

(c)      the cardholder performs the transaction with a bank or credit card issued by a financial institution located outside of the United States.

(Id. at ¶ 8.)

7.      The various categories of transactions described in Paragraph 6 above may change from time to time.  For example, on October 9, 2005, following the destruction caused by Hurricanes Katrina and Rita, Webster instituted a policy, as described in Paragraph 6(b), of not assessing ATM fees upon withdrawals from FEMA or ARC electronic benefits accounts.  (Id. at ¶ 9.)

8.      Webster's ATMs determine which category a bank or credit card falls into by reading the card's bank identification number ("BIN"), which consists of the first six (6) digits of the number imprinted on the card.  The card's BIN is transmitted electronically to a central

---

[3]      The SUM Program is a reciprocal agreement among 493 financial institutions (320 of which do business in Massachusetts) to waive ATM surcharges for customers of member institutions.

computer operated by Webster, which compares the card's BIN to Webster's master BIN list.

The central computer determines if a fee applies to the transaction based on whether the card has

a Webster BIN, or if it has a BIN that falls into one of the categories described in Paragraph 6

above.  (Id. at ¶ 10.)

        9.      If a fee applies to a transaction, the Webster ATM will immediately display a

second written notice on the screen of the ATM (the "Screen Notice"), substantially similar to

the following:

---

FEE  NOTICE
WEBSTER BANK, THE OWNER OF THIS TERMINAL, ADDS TO CASH
WITHDRAWALS (AND CREDIT CARD CASH ADVANCES, IF APPLICABLE) A
TERMINAL USAGE FEE OF $1.50.  THIS CHARGE IS IN ADDITION TO ANY FEE
WHICH MAY BE ASSESSED BY YOUR FINANCIAL INSTITUTION.

WOULD  YOU  LIKE  TO  CONTINUE?

PRESS  IF  YES ------------>

PRESS  IF  NO -------------->

---

(Id. at ¶ 11.)

        10.    In accordance with the Screen Notice, before the fee is assessed, the user must

affirmatively accept the fee by pressing the button on the ATM marked "YES."  If the user does

not wish to accept the fee, the user may cancel the transaction by pressing the button on the

ATM marked "NO."  If the user presses "NO," the transaction is cancelled, and no fee is

assessed.  However, if the user presses "YES," the ATM processes the transaction, and subtracts

the applicable fee from the ATM user's account in addition to any fees the user's financial

institution may impose.  (Id. at ¶ 12.)

11.    Webster ATMs offer users the option of receiving a printed receipt of the transaction.  If a fee was assessed upon the transaction, the receipt will indicate the amount of the fee.  The receipt reproduced as Exhibit A to Morrissey's Amended Complaint indicates that Morrissey elected to accept the ATM fee in the manner described in Paragraph 10 above, and the Webster ATM assessed a fee of $1.50.  (Id. at 13.)

12.    According to Webster corporate policy, the amount of the fee assessed by a Webster ATM, if any, is $1.50 for any ATM located on Webster property.  If the Webster ATM is located on non-Webster property, or if the ATM is located adjacent to a Webster branch but is not physically attached to the branch facility, the fee, if any, is $1.75.  Of the 24 Webster ATMs within Massachusetts, four (4) assess a fee of $1.75.  If the applicable fee is $1.75, the Placard Notice is identical to the notice described in Paragraph 4 above, except that the amount of the fee appears as $1.75.  Similarly, if the applicable fee is $1.75, the Screen Notice is identical to the notice described in Paragraph 9 above, except that the amount of the fee will appear as $1.75.  (Id. at ¶ 14.)

13.    Between July 6 and August 10, 2005, of the 41,194 transactions performed at Webster's Massachusetts ATMs with bank or credit cards not bearing the Webster logo, 9,286 (22.5%) were transactions that did not fall into any of the categories described in Paragraph 6 above.  Accordingly, the applicable fee was collected for each of these transactions.  Conversely, no fee was collected for 31,908 transactions, or the majority (77.5%) of the transactions performed at Webster's Massachusetts ATMs with bank or credit cards not bearing the Webster logo during that period.  These percentages are representative of the average rate of fee-assessed and fee-waived transactions at Webster ATMs at all times relevant to this litigation.  (Id. at ¶ 15.)

Respectfully submitted,

WEBSTER BANK, N.A.,

By its attorneys,

 /s/ Hobart F. Popick
Jonathan I. Handler (BBO # 561475)
Hobart F. Popick (BBO # 658763)
DAY, BERRY & HOWARD LLP
One International Place
Boston, Massachusetts  02110
(617) 345-4600

-and-

Steven M. Greenspan (admitted *pro hac vice*)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, Connecticut  06103
(860) 275-0100

Dated:  October 31, 2005

## CERTIFICATE OF SERVICE

I, Hobart F. Popick, hereby certify that on the 31st day of October, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to:  Christopher M. Lefebvre, Esq., Claude Lefebvre, P.C., Two Dexter Street, Pawtucket, Rhode Island 02860.

 /s/ Hobart F. Popick
                Hobart F. Popick