IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RAYMOND MORRISSEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CA No. 05-10984-WGY** |
| v. ) | |
| ) | |
| **WEBSTER BANK, N.A.,** ) | |
| ) | |
| **Defendant.** ) | |

## PLAINTIFF'S POST-HEARING MEMORANDUM

Plaintiff Raymond Morrissey respectfully submits this Post-hearing Memorandum regarding the Federal Reserve Board "Rule E Revisions," which had been proposed, but not yet adopted, at the time briefs were submitted on Defendant Webster Bank, N.A.'s ("Webster Bank's") Motion for Summary Judgment. On January 5, 2006, Webster Bank filed a Supplemental Memorandum with this Court, stating that:

> On December 30, 2005, the Board announced that it had adopted final amendments to Regulation E that are consistent with the proposed revisions regarding ATM fee notices. Specifically, the final rule expressly authorizes ATM operators to post fee notices stating that a fee "may" be imposed where "there are circumstances," such as those present here, "under which a fee will not be imposed for such services." See 12 C.F.R. § 205.16 (2005)

Supplemental Memorandum, p. 1-2. The hearing on Webster Bank's Motion for Summary Judgment was held on Tuesday, January 10, 2006.

At that hearing, this Court recognized the significant regulatory and statutory issues involved in this consumer class action lawsuit, but nevertheless felt compelled to grant Webster Bank's Motion for Summary Judgment, largely based upon the Federal Reserve Board's adoption of the

1

"Rule E Revisions." Understanding that this decision would undoubtedly be one of first impression on this issue in the country, the Court further indicated that a written opinion would be issued on the matter. After a complete and thorough review of the final Federal Reserve Board revision, public comments and legislative history, Plaintiff strongly believes that it is imperative that the Court have access to the additional information referenced herein before issuing an opinion which could have devastating consequences to consumer protection and be contrary to well established principles of statutory construction.

### A.  LEGISLATIVE HISTORY

Courts traditionally review legislative history to assist in determining "Congressional intent." In <u>National Labor Relations Board v. United Food and Commercial Workers</u> 484 U.S. 112, 123, (1987) a unanimous Supreme Court stated that "our first job is to try to determine congressional intent, using 'traditional tools of statutory construction.' If we can do so, then that interpretation must be given effect, and the regulations at issue must be fully consistent with it." (citations omitted)  In this case, the only relevant and certainly the overwhelmingly most persuasive legislative history clearly speaks to the intention of Congress on this issue, and confirms Plaintiff's position." [I]n surveying legislative history we have repeatedly stated that the authoritative sources for finding the Legislature's intent lies in the Committee Reports on the bill, which 'represen[t] the considered and collective understanding of those congressmen involved in drafting and studying the proposed legislation.'" <u>Garcia v. United States</u> 469 U.S. 70 (1984)(citations omitted).

The committee reports state *ad nauseam* that the 1999 amendments to the Electronic Funds Transfer Act ("the EFTA") require that banks state that a fee **will be** imposed on both notices.

**House Committee Report**:

Section 171 designates subtitle H as the `ATM Fee Reform Act of 1999'.
Section 172. Electronic fund transfer fee disclosures at any host ATM
Section 172 amends the Electronic Funds Transfer Act (EFTA) by requiring certain disclosures regarding automated teller machine (ATM) surcharge fees…ATM operators assessing surcharges are required to (1) post a sign on the ATM machine stating that a fee **will be charged**;" Committee Report 2 of 100 - House Rpt.106-074 - Part 3 - FINANCIAL SERVICES ACT OF 1999. (emphasis provided)

**House Conference Report:**

The House Conference Report, issued on November 2, 1999, 10 days before the ATM REFORM ACT passed the Congress, and distributed to each member of the House of Representatives, states that the notice "on the machine and on the screen" must state "that a fee **will be charged**." (emphasis provided)

**Senate Banking Committee, Statement of Managers:**

The Senate Banking Committee, Statement of Managers, Summary of Major Provisions, released Monday November 1, 1999 (11 days before the REFORM ACT was enacted by the Congress) stated:

"Subtitle A--ATM Fee Reform
" Senate Position: The Senate bill at Title VII requires automated teller machine (``ATM") operators who impose a fee for use of an ATM by a noncustomer to post a notice on the machine and on the screen that a fee **will be charged**." (emphasis provided)

Thus, all three legislative reports unambiguously, clearly, directly state that a notice must be posted on the machine stating that a fee "will" be imposed. The House Committee Report expressly states that notice must be posted on the ATM machine that a "fee will be charged." The House Conference Report expressly states that the *same notice* must be posted on the screen and on

3

the machine "that a fee will be charged." The Senate Banking Committee, Statement of Managers expressly states that the ATM operator must "post a notice' on the machine and the screen "that a fee will be charged."  All three reports specifically state that they are discussing the notice posted "on the machine."  Thus, there is no ambiguity in the legislative history of the EFTA amendments. The legislative history unequivocally supports the Plaintiff's position that the use of the word "may" on the signage posted at Webster's ATMS violates the EFTA.

**B.  STATUTORY CONSTRUCTION OF IDENTICAL TERMS**

As Plaintiff previously argued, under the most basic rules of statutory construction, the Federal Reserve Board's regulations merely implement the congressional mandate of the EFTA.  If Regulation E contradicts or misinterprets the statute, the Court need not give it *any* deference. Household Credit Services Inc. v. Pfennig 541 U.S. 232, 234 (2004);  (where "Congress has directly spoken to the precise question at issue . . ."courts, as well as the Board, "must give effect to the unambiguously expressed intent of Congress.").[1]  Thus, if the Court is able to determine a "clear sense of congressional intent" as to what notice is required to be given on the posted sign, no deference whatever is given to the Federal Reserve Board's Regulation E or views on the statute because,"[if] the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron, USA, Inc. v.  Natural Res. Def. Council, Inc. 467 U.S. 837, 842 (1984).

---

[1] Only if this Court were to determine that *both* the EFTA and Regulation E were ambiguous would then it look to the Federal Reserve Board's comments interpreting its Regulations. Ragsdale v. Wolverine World Wide Inc.  535 U.S. 81, 86 (2002).

In this case there is an overriding statutory construction argument. Despite the litigants disagreement on several issue, there is consensus on one salient point: **at a minimum, the screen notice must notify a consumer when a fee "will be charged."** Even the Federal Reserve Board, in its announcements regarding the new Rule E amendments recognized that "of course…the ATM operator must provide notice to the consumer [on the screen] that an ATM fee will be imposed…"[2] Yet, the EFTA uses *identical language* in describing the notice required to be given both on the screen and on the posted signage. *NOT* two separate and distinct notices - it refers back to "the notice required under clause (i) of subparagraph (A)" in both the "machine" and "screen" fee notice subsections of 15 U.S.C. §1693(b)(d)(3):

> (3)  FEE DISCLOSURES AT AUTOMATED TELLER MACHINES.--
> (A)  IN GENERAL.--The regulations prescribed under paragraph (1) shall require any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of--
>    (i)  the fact that a fee is imposed by such operator for providing the service; and
>    (ii)  the amount of any such fee.
> (B)  NOTICE REQUIREMENTS.--
>    (i)  ON THE MACHINE.--The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.
>    (ii)  ON THE SCREEN.--The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction . . .

15 U.S.C. §1693(b)(d)(3).

At least one circuit court, in an *en banc* opinion, has stated that it is impossible for identical

---

[2] Section-by Section Analysis of the Proposed Revisions," Section 205.16 Disclosures at Automated Teller Machines, at p. 21-22, issued August 19, 2005.

words used only once in a statute to have two different meanings. The court stated that such a "contention flatly contradicts standard canons of statutory interpretation, for the same language in a single statutory provision cannot have two different meanings." In re Davis, 170 F.3d 475, 480 (5th Cir. 1999) *cert. denied* (1999).  The United States Supreme Court has repeatedly stated that it is a " basic canon of statutory construction that identical terms within an Act bear the same meaning." Reno v. Koray 515 U.S. 50, 58 (1995).

    Where, as in this case, *identical* language is used only once in the statute, the basic rules of statutory construction demand that it must have the same meaning.

## C.  STATUTORY CONSTRUCTION OF DIFFERING TERMS

    At the very same time that Congress added the above provisions and in the same discrete and short amendment to the EFTA, Congress added 15 USC 1693(a)(10), which prescribed what consumers were to be told by financial institutions when the consumer opened an account at a financial institution.  In 15 USC 1693c(a)(10), Congress stated that the financial institutions were required to give "a notice to the consumer that a fee **may be** imposed by an automated teller machine operator (as defined in section 1693b(d)(3)(D)(I) of this title)…" (emphasis provided)

    It is a cardinal rule of statutory construction that where a legislature uses one term in one section of a law and uses a different term in a different section of the same act, that such a difference was intentional."  Barnhart v. Sigmon Coal Co. 534 U.S. 438, 452. (2002)("where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion … We refrain from concluding here that the differing language in the two

subsections has the same meaning in each.")

Here the terms "will" and "may" are used in the same 1999 amendment to the EFTA, yet only "will" is used in amending §1693(b) while "may" is used in the amendment to §1693(a)(10). If the inference is "compelling" when the two different terms are used in adjoining subdivisions, it can only be more "compelling" when the two different terms are used in the same discrete amendment to a larger law and are placed right next to each other in the text of the amendment.

**D.  CONCLUSION**

Because the Court is able to determine a "clear sense of congressional intent" as to the EFTA notices, no deference whatever is given to the Federal Reserve Board's regulations, amendments or views on the statute because,"[if] the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." <u>Chevron, USA, Inc. v.  Natural Res. Def. Council, Inc.</u>  467 U.S. 837, 842 (1984).  Here, the legislative history, the statute itself and recent amendments all make clear that Congress intended both the "on-screen" and "machine" notices to be identical.  Thus, since all parties admit that the "on-screen" notice must state that the consume "will" be charged a fee, the "machine" notice must also contain that identical term.

/s/<u>Christopher M. Lefebvre</u>
CLAUDE LEFEBVRE, P.C.
PO Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

**CERTIFICATION**

7

I hereby certify that a copy of the Plaintiff's Post-Trial Memorandum was electronically filed and served on February 13, 2006 to:

Hobart F. Popick, Esq.
Day, Berry & Howard LLP
One International Place
Boston, MA 02110

/s/<u>Christopher M. Lefebvre</u>

S:\WPFILES\EFTA CASES\Webster\Plaintiff's Post Hearing Memorandum.wpd